James D. Hartt, Esq.

**James D. Hartt, Esq., Attorney At Law**
70 Linden Oaks, Third Floor
Rochester, NY 14625
TELEPHONE: (716) 400-3260

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLORIA DANCAUSE,<br><br>Plaintiff,<br><br>v.<br><br>MOUNT MORRIS CENTRAL SCHOOL DISTRICT.<br><br>Defendant. | PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS<br><br>Civil Action No.:<br>13-CV-6019T |

Plaintiff re-alleges the facts contained in the complaint as though fully incorporated herein. Plaintiff does hereby respond to Defendant's Motion to Dismiss as follows:

**Standard of Review:**

In reviewing a motion to dismiss for failure to state a claim brought pursuant to Fed R. Civ. P. 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999). In deciding such a motion, the court may take into

account documents referenced in the complaint, as well as documents that are in the plaintiff's possession or that the plaintiff knew of and relied on in filing the suit. See Brass v. Am. Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993). The complaint may be dismissed only if "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hoover v. Ronwin, 466 U.S. 558, 587, 104 S. Ct. 1989, 80 L. Ed. 2d 590 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In deciding such a motion, the "issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996)

**Point I: Plaintiff has sufficiently pled that she was qualified to hold her position as Teacher, and in any event, the foregoing is a factual dispute which cannot be resolved a s a matter of law:**

In her Complaint, Plaintiff alleged: "Plaintiff was no less qualified or certified to teach than several other teachers employed by Defendant at the time of said ultimatum." (See Plaintiff's Complaint, ¶ 21). Plaintiff also alleged, in pertinent part: "It will be shown at or before trial that Plaintiff and Defendant had previously discussed an issue pertaining to Plaintiff's Certification, and that the two parties *had been working together in good faith on a mutually acceptable plan to ensure Plaintiff's proper Certification*." (Emphasis added) (Complaint, ¶ 23). Plaintiff also pled as follows: "Defendant's assertion that Plaintiff lacked adequate Certification and the implied representation that Defendant was not fully aware of Plaintiff's good faith efforts to become fully certified is belied by the evidence to be proffered in this case at or before trial." (Complaint, ¶ 24).

So, according to the allegations of the Complaint, Plaintiff and defendant were working in good faith together on a plan to get Plaintiff certified, and she was similarly qualified in terms of certifications as other similarly situated teachers. The notion that fact disputes ought to be

resolved at this early stage, as implied by defendant's papers, is fallacious. Plaintiff has pled that lack of certification was not an impediment to her further employment, and stands to prove that fact by a preponderance of the evidence. But the court, at this early stage of litigation, accepts all factual allegations in the complaint <u>as true</u> and draws all reasonable inferences from those allegations in the light most favorable to the plaintiff. See <u>Albright v. Oliver, 510 U.S. 266, 268, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994)</u>. Thus, Plaintiff has pled that she was properly certified and that she had an agreed upon plan with defendant to obtain certain further certification. Plaintiff intends to prove that fact by a preponderance of the evidence, but is not required to do so at this juncture.

**Point II: <u>Plaintiff has sufficiently pled facts probative, if true, of the fact that she suffered from a "qualified disability" within the meaning of the ADA and to support her action for discrimination thereunder</u>:**

In her Complaint, Plaintiff more-than adequately pled facts surrounding the extent of her disability such that, if taken as true, would be tantamount to a "qualified" disability within the meaning of the ADA. For example, Plaintiff alleged the following in her Complaint:

> 15. Plaintiff had been diagnosed with "Profound Periodontal Disease with Accelerated Bone Loss of Lower Jaw" prior to August of 2010, but in the summer of 2010, had experienced a serious flare up of said condition, along with related anxiety and infection.
>
> 16. The condition described above was a qualified disability within the meaning of the ADA insofar as said condition prevented Plaintiff from adequately communicating, sleeping, eating, reading, thinking, concentrating and interacting with others.

      17. Plaintiff, at the time, was being treated by Oral Surgeons at Strong Hospital Dental Department and "Eastman Dental".

      18. Plaintiff requested of Defendant in writing a reasonable amount of time off to address the flare up of her disability, and to work on pain reduction so that she could resume her duties as an educator at Mount Morris Central School District.

      19. Shortly after Plaintiff duly submitted a Physician's Letter to Defendant, associated with the request for time off due to the foregoing complications, Plaintiff was told by the Superintendent of Defendant Mount Morris Central School District that her services were no longer required at the school." (See Plaintiff's Complaint, ¶¶ 15-19).

The only case law Defendant invokes for the proposition that Plaintiff's disability was not "qualified" under the ADA *supports* Plaintiff's argument that her disability was in fact "qualified". Simply put, Plaintiff's disability was, as pled and if true, serious enough to render it "qualified" under the ADA. More specifically, Defendant's sole case cited case cited on point, Murphy v. United Parcel Service, Inc., 527 US 516 (Sp. Ct., 1999), requires that a "disability" be "substantially limiting" and goes on to hold that "temporary conditions" do not qualify as a "disability" within the meaning of the ADA. Even if taken as true, (And defendant's case law provided is substantially lacking in completeness on the topic) Plaintiff has unequivocally pled facts probative, of a serious disability. Indeed, Plaintiff cited several life major life activities that were impeded as a direct result of her disability, including "communicating, sleeping, eating, reading, thinking, concentrating and interacting with others." (Complaint, ¶ 16).

Moreover, defendant is also mistaken in its unsupported assertion that Plaintiff's disability was "temporary" in nature. As Plaintiff alleged in her complaint, she suffered from: "Profound Periodontal Disease with Accelerated Bone Loss of Lower Jaw" as early as August of 2010. (See Complaint, ¶ 15). There was, therefore, nothing "temporary" about her disability.

Perhaps Defendant meant to suggest that the symptoms of her disability were "temporary" in nature, but if Defendant is in essence, arguing that Plaintiff has the burden of proving that her disability is "qualified" as a non-temporary disability, Plaintiff demurs. The Complaint is not the pleading in which Plaintiff is required to prove that fact by a preponderance of the evidence. She as satisfied her pleading requirements because, if true, the allegations DO speak of a qualified non-temporary disability. In reviewing a motion to dismiss for failure to state a claim brought pursuant to Fed R. Civ. P. 12(b)(6), the court must accept all factual allegations in the complaint *as true* and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994) (Emphasis added).

Certainly, Plaintiff does not dispute that Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009). In accordance with this familiar standard, "[t]o establish a prima facie case under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered adverse employment action because of his disability." But the time and place to prove these facts by a preponderance of the evidence has not yet arrived. Put another way, based upon the foregoing case, it is apparent that the question for the court is not whether the Plaintiff has proven the four elements above by a preponderance of the evidence, as defendant would have this court believe, but whether Plaintiff adequately pled those facts. Clearly, Plaintiff did in fact properly plead those facts properly, and the Complaint speaks for itself.

Simply put, Plaintiff's complaint contains more than sufficient facts which, if accepted as true, would 'state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**Conclusion:**

For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety, with costs and attorney's fees awarded to plaintiff.

DATED this 10th day of May, 2013.

                          **JAMES D. HARTT, ESQ.,**
                          **Attorney At Law**

                          By: S// James D. Hartt
                              James D. Hartt, Esq.
                              70 Linden Oaks, Third Floor
                              Rochester, NY 14625