UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GLORIA DANCAUSE,

        Plaintiff,                             **DECISION**
v.                                                 **and ORDER**

MOUNT MORRIS CENTRAL SCHOOL DISTRICT,       13-CV-6019

        Defendant.

_____

INTRODUCTION

Plaintiff Gloria Dancause, ("Dancause"), a former teacher employed by the defendant Mount Morris Central School District ("Mount Morris" or "the School District"), brings this action pursuant to the Americans with Disabilities Act of 1990 (the "ADA") claiming that the defendant discriminated against her on the basis of a disability by terminating her employment. Specifically Dancause claims that she was forced to resign her position after she requested, and was denied, time-off to deal with a medical condition which she claims is disabling. She claims that because the defendant failed to accommodate her disability, and forced her to resign because of her disability, she has been discriminated against in violation of the ADA.

Defendant denies plaintiff's claims, and moves pursuant to Rule 12 of the Federal Rules of Civil Procedure to dismiss plaintiff's Complaint on grounds that plaintiff has failed to state

1

a cause of action for disability discrimination. For the reasons set forth below, I grant defendant's motion and dismiss plaintiff's Complaint without prejudice.

BACKGROUND

According to the Complaint, plaintiff Gloria Dancause began her employment with defendant Mount Morris Central School District in September, 2002. While the Complaint states that plaintiff was employed as "an educator" with the School District, (Complaint at ¶ 18) the Complaint does not explicitly state what plaintiff's position was.[1] According to an Exhibit attached to the Complaint, plaintiff was employed as an English as a Second Language Teacher. See September 8, 2010 Letter from Edward Orman, attached as Exhibit "A" to Plaintiff's Complaint.

In August 2010, plaintiff requested time off to "address certain medical issues." Complaint at ¶ 13. According to the Complaint, plaintiff suffers from "Profound Periodontal Disease with Accelerated Bone Loss of the Lower Jaw" and required time off to address a "flare up." Complaint at ¶¶ 15, 18. Plaintiff claims that shortly after she requested time off, the Superintendent of

---

[1] Paragraph 30 of the Complaint states that unidentified "medical professionals" had opined that plaintiff, upon completion of unidentified treatment, would be able to perform the "essential functions of her position as a school teacher." This is the only suggestion in the Complaint itself that plaintiff was employed as a school teacher. There is no indication in the Complaint of the subject, or subjects taught by the plaintiff, or the grade level or levels taught by the plaintiff.

the School District told her that because she lacked proper teaching certification, she would no longer be employed at the School District, and that she could either voluntarily resign or face a disciplinary hearing regarding her lack of sufficient qualifications. Plaintiff alleges that she felt threatened by the ultimatum, and as a result, was coerced into resigning.

While it is undisputed by the plaintiff that she lacks proper state certification to teach English as a Second Language, she claims that her lack of certification was used as a pretext for discrimination against her based on her periodontal disease, which she claims is a disability. She claims that the defendant was aware of her lack of certification, and that the parties had been "working together in good faith on a mutually acceptable plan to ensure Plaintiff's proper Certification." <u>Complaint</u> at ¶ 23. She further claims that at least one other teacher, who was not disabled, but who lacked proper certification, was allowed to teach despite not being certified. <u>Complaint</u> at ¶ 32. She claims that the defendant was obligated to learn more about her disability and determine whether or not her disability could be accommodated, but instead, forced her to resign because of her periodontal disease. <u>Complaint</u> at ¶¶ 26-28. Plaintiff does not allege, however, that her periodontal disease in any way interfered with her ability to obtain the proper certification to teach English as a Second Language.

DISCUSSION

I.   Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted).  Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd.

Cir., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

> II. Plaintiff has failed to establish that she is qualified for her position as a School Teacher

Section 12112 of the ADA prohibits discrimination against qualified individuals with a disability with respect to conditions of employment including hiring, advancement, discharge and compensation. 42 U.S.C.A. § 12112(a) (1995). To state a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that (1) she is a handicapped person within the meaning of the ADA; (2) she is otherwise qualified to perform the duties of her former job; (3) adverse employment action was taken against her because of her handicap; and (4) her employer is subject to the anti-discrimination provisions of the ADA. Joyce v. Suffolk County, 911 F.Supp. 92, 94 (E.D.N.Y. 1996) (citations omitted).

In determining whether or not a plaintiff is "otherwise qualified" to perform the duties of his or her job, courts employ a two-part test. "First, a court must consider whether 'the individual satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc.' " Acevedo v. City of

Philadelphia, 680 F.Supp.2d 716, 731 (E.D. Pa., 2010)(emphasis added)(quoting Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir.1998). See also 29 C.F.R. § 1630.2(m) ("The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires.") "Second, the court must determine 'whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation.'" Acevedo, 680 F.Supp.2d at 731-732 (quoting Gaul, 134 F.3d at 580).

In the instant case, plaintiff has failed to establish that she is qualified to perform her duties as an English as a Second Language Teacher because she has failed to allege or establish that she holds the requisite professional accreditation to serve as an English as a Second Language teacher in the State of New York. Where a professional license is required as part of a qualification for a job, a lack of such license renders the employee unqualified for the position. See Kinneary v. City of New York, 601 F.3d 151, 157 (2nd Cir., 2010)("Because [plaintiff] failed to retain his captain's license . . . he was not otherwise qualified to perform the essential functions of his job and cannot make out a successful claim under the ADA."); Falchenberg v. New York City Dept. of Educ., 375 F.Supp.2d 344, 348 (S.D.N.Y., 2005)(teacher who did not

Philadelphia, 680 F.Supp.2d 716, 731 (E.D. Pa., 2010)(emphasis added)(quoting Gaul v. Lucent Techs., Inc., 134 F.3d 576, 580 (3d Cir.1998). See also 29 C.F.R. § 1630.2(m) ("The term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires.") "Second, the court must determine 'whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation.'" Acevedo, 680 F.Supp.2d at 731-732 (quoting Gaul, 134 F.3d at 580).

In the instant case, plaintiff has failed to establish that she is qualified to perform her duties as an English as a Second Language Teacher because she has failed to allege or establish that she holds the requisite professional accreditation to serve as an English as a Second Language teacher in the State of New York. Where a professional license is required as part of a qualification for a job, a lack of such license renders the employee unqualified for the position. See Kinneary v. City of New York, 601 F.3d 151, 157 (2nd Cir., 2010)("Because [plaintiff] failed to retain his captain's license . . . he was not otherwise qualified to perform the essential functions of his job and cannot make out a successful claim under the ADA."); Falchenberg v. New York City Dept. of Educ., 375 F.Supp.2d 344, 348 (S.D.N.Y., 2005)(teacher who did not

take State licensing examination, and therefore lacked teaching certification, was not "otherwise qualified" under ADA to hold her position as a teacher). In the instant case, it is uncontroverted that teachers in New York State are required to be licensed by the State and certified to teach the subject or subjects they teach in school. See New York State Education Law § 3001 ("No person shall be employed or authorized to teach in the public schools of the state who is: . . . [n]ot in possession of a teacher's certificate issued under the authority of this chapter . . . .") It is further uncontroverted that plaintiff has not obtained certification to teach English as a Second Language in New York State. Complaint at ¶ 34 (plaintiff was working to become certified under "new" state guidelines). Accordingly, plaintiff has failed to establish that she is qualified for the position of English as a Second Language teacher, and therefore, can not make out a prima facie claim of discrimination under the ADA

Plaintiff counters, however, that she held the same credentials as many other teachers who kept their jobs. Such an allegation, however, fails to establish that other teachers were not certified to teach in the subjects they were certified to teach. While plaintiff may hold credentials similar to other teachers, it is uncontroverted that she is not certified under New York State Law to teach English as a second language.

Plaintiff contends that she had been teaching English as a Second Language for years, and that as a result, she is qualified to teach the subject. While plaintiff may indeed be competent to teach the subject, it is uncontroverted that she lacks the required certification to teach that subject in New York State. Moreover, plaintiff has failed to establish that she is subject to an exemption from the certification requirement. Under New York law, a teacher may be exempted from the certification requirement if the Superintendent of a school district certifies that no certified teachers are available to teach the subject. If no certified teachers are available, than an uncertified teacher may teach the subject. See New York State Department of Education Regulations at 8 NYCRR § 80-5.3. In the instant case, it is uncontroverted that the Superintendent did not certify to the State Board of Education that no certified teachers were available to teach English as a Second Language. Because certified teachers were available to teach the subject, plaintiff could not be exempted from her requirement of being certified.

Next, plaintiff alleges that another teacher in the School District was allowed to teach despite not having certification in the subject area taught. Plaintiff contends that this teacher has been treated differently than she was because she suffers from periodontal disease. Plaintiff has failed to allege or establish,

however, that the uncertified teacher was not exempt from the certification requirement.

Finally, plaintiff contends that it is too early at this stage of the litigation to determine that she is not qualified to serve as an English as a second language teacher. She claims that she "has pled that lack of certification was not an impediment to her further employment, and stands to prove that fact by a preponderance of the evidence." Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss at p. 3. As stated above however, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden, 594 F.3d at 161. Accordingly, plaintiff's conclusory statement that she can teach English as a Second Language despite not being certified in New York State to do so and not subject to a waiver of the certification requirement is entitled to no presumption validity. Indeed, defendant has established that as a matter of law, plaintiff was not qualified to teach English as a Second Language, and plaintiff has failed to rebut that showing.

For the reasons set forth above, I find that plaintiff has failed to adequately allege that she was qualified for the position she sought, and therefore has failed to state a prima facie case of disability discrimination. I therefore grant defendant's motion to dismiss plaintiff's claims without prejudice.

### III. Plaintiff has failed to allege that she is disabled within the meaning of the ADA

Plaintiff claims that she was discriminated against on the basis of her alleged disability of "Profound Periodontal Disease with Accelerated Bone Loss of Lower Jaw." As stated above, to state a prima facie case of discrimination under the ADA, a plaintiff must, inter alia, demonstrate that she is a handicapped person within the meaning of the ADA; Joyce, 911 F.Supp. at 94. It is well settled under federal law, however, that the mere presence of a medical condition or impairment suffered by a plaintiff does not establish that the plaintiff is disabled under the ADA. Capobianco v. City of New York, 422 F.3d 47, 57 (2d Cir.2005) ("Not every impairment is a 'disability' within the meaning of the ADA"); 29 C.F.R. § 1630.2(j)(ii)("not every impairment will constitute a disability within the meaning of this section.") Rather, to establish the existence of a disability, a plaintiff must demonstrate that he or she suffers from a physical or mental impairment that "substantially limits one or more major life activities . . . ." 42 U.S.C. § 12102(2)(A). "Major life activities" are defined in the regulations promulgated by the EEOC as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii).

To be "substantially impaired" from performing a major life activity, a plaintiff must have an impairment that "prevents or

severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota Motor Mfg., Kentucky, Inc. v. Williams, 534 U.S. 184, 196-197. Moreover, "[t]he impairment's impact must also be permanent or long term." Id. at 198. See also Williams v. Salvation Army, 108 F.Supp.2d 303, 312-313 (S.D.N.Y.2001) ("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities") (internal quotation marks and citations omitted); 29 C.F.R. § 1630.2(j)(1)(i)-(ii)(A major life activity is substantially limited when an individual cannot perform an activity that an average person in the general population could perform, or faces significant restrictions in the "condition, manner, or duration under which the individual can ... perform [the] activity.") Finally, the determination of whether or not a person suffers a disability under the ADA "is an individualized inquiry" that does not rest on the mere diagnosis of an impairment. Sutton v. United Airlines, 527 U.S. 471, 483 (1999). Instead, courts are to look to "the effect of [an] impairment on the life of the individual." 29 CFR pt. 1630, App. § 1630.2(j). See also, Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 151 (2d Cir.1998)(disability determinations to be made on an individualized case-by-case basis).

In this case, plaintiff alleges that she is disabled as a result of "Profound Periodontal Disease with Accelerated Bone Loss

of Lower Jaw." Complaint at ¶ 15. Periodontal Disease, also known as pyorrhea, is described in the Merck Manual as:

> Inflammation or degeneration of tissues that surround and support the teeth, gingiva, alveolar bone, periodontal ligament, and cementum. Periodontal Disease most commonly begins as gingivitis and progresses to periodontitis. If the severity of the disease is disproportionate to the amount of plaque and calculus, systemic disease may be present; however, in widespread periodontal disease, local factors are also present.

The Merck Manual of Diagnosis and Therapy, 2333 (Robert Berkow ed. 15th ed. 1987). The manual further explains that with respect to gingivitis, "[t]he greatest single cause is poor hygiene, characterized by bacterial plaque" and that "[c]orrecting the factors causing gingivitis would prevent most periodontal disease." Id. Periodontitis is described as "[t]he progression of gingivitis to the point that loss of supporting bone has begun." Id. at 2336.

Plaintiff alleges that her periodontal disease prevents her from "adequately communicating, sleeping, eating, reading, thinking, concentrating, and interacting with others." Complaint at ¶ 16. A claim that one can not "adequately" engage in a particular activity, however, fails to allege, as required to state a claim under the ADA, that the condition substantially limits one or more major life activities. Nor has plaintiff alleged in the Complaint that her periodontal disease prevents or severely restricts her from doing activities that are of central importance to most people's daily lives. Toyota Motor Mfg., Kentucky, Inc. v.

Williams, 534 U.S. 184, 196-197. Because a claim by a plaintiff that a medical condition prevented her from adequately communicating, sleeping, eating, reading, thinking, concentrating or interacting with others fails to allege the existence of a cognizable disability under the ADA, I dismiss plaintiff's claim.

In opposition to the defendant's motion to dismiss, plaintiff alleges that she has pled facts probative of a serious disability that "impede[s]" her ability to engage in major life activities. Again, however, to allege a disability under the ADA, a plaintiff must allege more then a mere impediment to engaging in a major life activity. Rather, the plaintiff must allege the existence of an impairment that prevents or severely restricts her from engaging in a major life activity.

Because plaintiff has failed to allege that she suffered from a condition that prevents or severely restricts her from engaging in a major life activity, I dismiss her claim without prejudice. Because plaintiff could, if the facts supported such an allegation, plead that her periodontal disease did constitute an impairment that prevented or severely restricted her from engaging in any major life activity, her claim is not subject to dismissal with prejudice. Plaintiff is cautioned, however, that after an exhaustive search, this Court can find no case, either state or federal, in which periodontal disease has been considered to be a disability under the ADA or any other anti-discrimination law.

Rather, it is clear from a review of statutory and case law on the subject that periodontal disease is not considered a serious medical condition that constitutes a disability, warrants time away from work under the Family Medical Leave Act or, is even required to be treated as of right under the Eighth Amendment to the United States Constitution.

For example, in one of the only cases found by this Court addressing whether or not periodontal disease constitutes a disability, a court in Michigan, applying Michigan disability law (which the court identified as being analogous to the ADA) held that "it is clear that periodontitis is not a "handicap." <u>Kuspa v. Commercial Carriers, Inc.</u>, 1999 WL 33447022 at *2 (Mich. App., April 16, 1999)(noting that "Michigan courts look to the Americans with Disabilities Act ... the Vocational Rehabilitation Act, ... the regulations promulgated under these acts, and the federal courts' treatment of them for guidance in interpreting the terms 'substantially limits' and 'major life activity' under" Michigan Disability Law).

Under the Family Medical Leave Act, ("FMLA") periodontal disease is specifically identified as a condition that generally is not serious enough to warrant the taking of unpaid medical leave under that Act. 29 CFR § 825.113(d). <u>See</u> <u>also</u>, <u>Giddens v. UPS Supply Chain Solutions</u>, 2012 WL 2524396 at *6 (D. Del., June 28, 2012)("The FMLA clarifies that '[o]rdinarily, unless complications

arise, the common cold, the flu, ear aches, upset stomach, minor ulcers, headaches other than migraine, routine dental or orthodontia problems, periodontal disease, etc., are examples of conditions that do not meet the definition of a serious health condition and do not qualify for FMLA leave.'"(citing 29 CFR § 825.113(d)))(emphasis added). While this court recognizes that the FMLA's definition of a serious health condition is distinct from the definition of a disability under the ADA (see 29 C.F.R. § 825.702) the fact that the FMLA does not treat periodontal disease as a condition warranting leave time is instructive, if not dispositive.

Finally, even with respect to a prisoner's right to medical treatment under the Eighth Amendment to the United States Constitution, it has been held that there is no constitutional right to treatment of periodontal disease. As stated by the court in Carvalho v. Bledsoe, 2012 WL 4472023 at *11 (M.D. Pa., September 26, 2012) "periodontitis causing intermittent pain has been found not to be a serious medical need." (citing Jenkins v. Clark, 1995 WL 463673 (N.D.Cal. July 31, 1995). In light of the statutory and common law suggesting that periodontal disease is not a disabling condition, and the apparent lack of any case from any court in the country suggesting that periodontal disease does constitute a disability, it may prove difficult for the plaintiff, within the bounds of Rule 11 of the Federal Rules of Civil Procedure, to

allege that plaintiff's periodontal disease rendered her disabled under the ADA. Moreover, even if plaintiff does attempt to allege that her periodontal disease is serious enough to constitute a disability, plaintiff must also sufficiently allege that she was qualified to perform her job as an English as a Second Language Teacher, a task that may not be possible since plaintiff has admitted that she lacked certification to teach that subject, and has failed to controvert the defendant's contention that plaintiff was ineligible for a waiver from the certification requirement.

## CONCLUSION

For the reasons set forth above, I find that plaintiff has failed to sufficiently allege that she is qualified for the position of English as a Second Language teacher, and therefore, I find that she has failed to state a prima facie case of discrimination under the ADA. I also find that plaintiff has failed to sufficiently allege that she is disabled under the ADA. Accordingly, I grant defendant's motion to dismiss plaintiff's Complaint without prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
     Michael A. Telesca
United States District Judge

DATED:   Rochester, New York
         June 14, 2013